NOT FOR PUBLICATION

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| ANA DELMI CABRERA DE CUELLAR, | No. 19-73018 |
| Petitioner, | Agency No. A209-398-592 |
| v. | |
| PAMELA BONDI, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted October 10, 2025**
Pasadena, California

Before: WARDLAW, GOULD, and KOH, Circuit Judges.

Ana Delmi Cabrera de Cuellar ("Petitioner"), a native and citizen of El

Salvador, petitions for review of the decision by the Board of Immigration Appeals

("BIA") dismissing an appeal from an order of an Immigration Judge ("IJ")

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel ordered this case submitted on the briefs without oral argument. *See* Dkt. 40; Fed. R. App. P. 34(a)(2).

denying her application for asylum.[1] We have jurisdiction pursuant to 8 U.S.C. § 1252. We deny the petition.

1. "Where, as here, the BIA agrees with the IJ's reasoning, we review both decisions." *Rodriguez-Zuniga v. Garland*, 69 F.4th 1012, 1016 (9th Cir. 2023) (internal quotation and citation omitted). "We review the agency's decision under the highly deferential substantial evidence standard." *Id.* (citation omitted). "Under that standard, the agency's findings of fact are considered 'conclusive unless any reasonable adjudicator would be *compelled* to conclude to the contrary.'" *Id.* (quoting *Ruiz-Colmenares v. Garland*, 25 F.4th 742, 748 (9th Cir. 2022)); 8 U.S.C. § 1252(b)(4)(B). The record "does not compel" a different conclusion when petitioners "provide[] no evidence" to the contrary. *Garcia-Milian v. Holder*, 755 F.3d 1026, 1032 (9th Cir. 2014).

2. "To be eligible for asylum, a petitioner has the burden to demonstrate a likelihood of 'persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Sharma v. Garland*, 9 F.4th 1052, 1059 (9th Cir. 2021) (quoting 8 U.S.C. § 1101(a)(42)(A)). Past persecution "gives rise to a rebuttable presumption

---

[1] Petitioner originally sought withholding of removal and relief under the Convention Against Torture as well. However, the BIA considered these issues waived because Petitioner failed to raise the issues before the BIA, and Petitioner did not raise those claims here.

of future persecution," and proving it requires a petitioner to "show, among other elements, that his treatment rises to the level of persecution." *Id.* at 1060 (internal quotation and citation omitted).

Substantial evidence supports the agency's finding that Petitioner was not persecuted. Persecution "is an extreme concept that means something considerably more than discrimination or harassment." *Id.* Petitioner's claim of past persecution is predicated on injuries Petitioner suffered during an encounter with the 18th street gang when the gang "pushed [her] … against the wall," and threats to kill Petitioner and her family if Petitioner's sons did not acquiesce to the gang's recruitment efforts. Neither compel a finding of persecution. The bruises to Petitioner's arm required no medical treatment and were not "serious injuries." *Id.* at 1063. They do not, then, compel a finding that she was persecuted. *See, e.g.,* *Halim v. Holder*, 590 F.3d 971, 975-76 (9th Cir. 2009) (mob of rioters beating Chinese-Indonesian man on account of ethnicity did not amount to persecution).

Nor are "the threats of death … sufficient to establish persecution," as Petitioner contends. "[D]eath threats alone . . . constitute persecution . . . only when the threats are so menacing as to cause significant actual suffering or harm." *Duran-Rodriguez v. Barr*, 918 F.3d 1025, 1028 (9th Cir. 2019) (internal quotations and citations omitted). At best, "reasonable minds could differ as to whether the [death] threats" Petitioner received "constitute[] persecution." *Id.* at 1029 (quoting

3

*Nahrvani v. Gonzalez*, 399 F.3d 1148, 1154 (9th Cir. 2005)). The death threats do not compel a finding of past persecution either.

**3.** Substantial evidence supports the agency's finding that Petitioner did not show that a protected ground "was or will be at least one central reason for" the persecution. 8 U.S.C. § 1158(b)(1)(B)(i); 8 C.F.R. § 1208.13.(b). "[W]hether a petitioner has been persecuted 'on account of' a protected ground" is a function of "the persecutor's motive, not the victim's perspective." *Kaur v. Wilkinson*, 986 F.3d 1216, 1226 (9th Cir. 2021) (citing *Garcia-Milian v. Holder*, 755 F.3d 1026, 1031 (9th Cir. 2014)). Petitioner raises two potential protected grounds: her political opinion and membership in a particular social group, "immediate family members of Salvadoran youth who are resistant to gang recruitment."

Petitioner concedes "there was insufficient information in the record to ascertain whether Petitioner was persecuted on account of her political opinion." That concession is fatal to Petitioner's claim that her political opinion was or would be a central reason for her persecution. Substantial evidence also supports the agency's finding that "the harm" Petitioner "suffered and fears is … on account of gang recruitment efforts," not membership in a particular social group. "Motive can be established by a persecutor's statements to the victim," *Aden v. Wilkinson*, 989 F.3d 1073, 1084 (9th Cir. 2021), and here the gang repeatedly threatened

4

Petitioner for interfering with their attempts to recruit her son. Petitioner points to no evidence of another motive.

**4.** Substantial evidence also supports the agency's finding that Petitioner could reasonably relocate in El Salvador. Petitioner asserts "that it would be unreasonable and a hardship for her and her family to attempt to relocate into unknown areas of El Salvador" because "the gang has a long reach" and "she d[oes] not have family" anywhere else. Petitioner has identified no evidence of the gang's long reach—in fact, Petitioner's son testified that the gang is not active just a 45-minute walk away from their home. And relocation is not unreasonable just because it "might be inconvenient or undesirable," *Hussain v. Rosen*, 985 F.3d 634, 649 (9th Cir. 2021), so the lack of family in other parts of the country does not compel a finding that relocation would be unreasonable.[2]

**PETITION DENIED.**[3]

---

[2] The panel notes the extremely poor quality of representation and briefing in this matter by Petitioner's original appellate counsel, Tori S. Bryant, who was subsequently disbarred for "repeated failures to comply with the court's rules and orders, and for conduct unbecoming [of] member[s] of the court's bar." *Matter of Tori S. Bryant*, No. SB-22-0062-SP (Ariz. Apr. 6, 2023); *see In re Tori Bryant*, No. 19-80173, Dkt. 10 (9th Cir. Mar. 19, 2025).

[3] The temporary stay of removal remains in place until the mandate issues. *See* Dkt. No. 14. The motion for stay of removal is otherwise denied. *See* Dkt. No. 1.